Case No. 5 for argument today is Galloway v. CIR. Mr. Smith. Thank you. Attorney Jason Smith representing the appellant Craig Galloway. This case comes on appeal from the United States Tax Court on a decision regarding several offers and compromise filed under Internal Revenue Code Section 71-22 that were denied on the basis of the number of years left on the statute of limitations for collections under Internal Revenue Code 65-02. The dispute here is really pretty simple and that is that our position is the statute of limitations should not be something analyzed in determining whether or not an offer and compromise. I don't understand how your position is consistent with Section 63-30C-4A which was the ground on which the tax court decided this case and which your brief ignores. And then when the Commissioner of Internal Revenue relied on that statute to say the issue you framed isn't in the case at all, you didn't file a reply brief. Well, where does that leave us? Well, I mean, the one issue that I think we're in dispute on, a secondary issue, is what was actually before the tax court. The tax court analyzed this case and I raise a small due process argument in my brief over that, that CDP hearings are intended to be informal. We had a very clear discussion that sat out on pages at the bottom of 92, top of 93 in our appendix where the CDP hearing officer really spelled out what our dispute was. I'm sorry for interrupting you. I want to go back to Judge Easterbrook's question because I'm at that threshold too, okay? And the question is this, why does that statutory provision not bar your client's claim? That's what the tax court held, like it or not, right? I mean, that's the holding. And so you have to convince us, do you not, that that reflects a legal error because otherwise, if it's not a legal error, it stands in the way. It's a barrier. Let me clarify, you're talking about the timing of the OIC submissions? No, we're talking about Section 6330C4A of the Internal Revenue Code. It is the ground on which the tax court decided this case. And it is an essential rule of appellate law that you have to show an error in the decision of the tribunal under review. You can't simply ignore the adverse decision and brief whatever issue you want. As I read your brief, you do not attempt to show that that decision is a legal error. And when the IRS relied on it, you didn't file a reply brief. So how are we going to find a legal error in the decision of the tax court? I believe the legal error is the failure to address the substance of the CDP hearing. The statute forecloses the presentation of that argument. Just by its terms. That's the challenge you face. I mean, that's what the tax court said. You can get it if you want. It's on page 11 of the tax court opinion. And you're not referencing the timing of submissions of the OICs? No, no. There's a statute in the U.S. Code. 26 U.S.C. 6330 C4A. That the tax court says has two requirements. And that's at the bottom of 11. And then over on to 12, it says both are met here. The fact that both are met has a legal consequence, the tax court holds. That is that your client's position is barred. It's foreclosed by Congress. So the only way you can win the appeal is to convince us that that's wrong or it's unconstitutional and you haven't argued the latter. I haven't argued the former either so far as I can see. No, I mean, I understand the position that you advanced through the whole settlement process, but you're faced here with a decision of a tax court that you have to show us is wrong. Well, and I think maybe I'm misunderstanding how that particular section is being interpreted. I think our claim is still alive that the tax court erred by not finding the CDP officer abused her discretion in how she offered that OIC. That issue is the thing that is barred by statute. That's why the tax court didn't resolve it. It's because there's a statute saying the tax court can't resolve it. Yeah, I think maybe I'm just misunderstanding the argument. I would say that if the tax court can't resolve a CDP hearing officer not properly applying the law, then there wouldn't be anything to appeal on that issue. And I think it's an abuse of discretion, and that's what we were appealing. Maybe I'm not understanding your question. I don't interpret that argument that way. I think that's your problem. I did not read the argument to say that it foreclosed the substance of our case unless what they were talking about, which was the timing of the OICs, foreclosed it, which that was not what we talked about, right? I mean, that paragraph outlines what our dispute was. I don't know how that couldn't preserve that dispute specifically for appeal because that's the issue that I have to prevail on, and I think all taxpayers do as well. And like I said, I raised a very, very brief due process argument that what the tax court actually addressed was different than what took place in front of the court, and maybe that's where I'm getting confused on the argument itself. I mean, the hard part is that you have declarative statements in the tax court. I mean, I'm just reading from it. Quote, Mr. Galloway is barred from raising this issue, the one that you want to now raise, in this court, referencing the tax court as well, period, end quote. And the whole reliance there is on the statute. So the tax court is saying it doesn't have the legal authority because Congress took it away. Yeah, I mean, I think maybe I'm just not understanding how that argument is being perceived from your perspective. My counter to that argument was that the court said it was barred. It's not a question of perspective. It's a question of statute. The tax court has the authority and only the authority given by Congress, and it doesn't have the authority you wished it had. And I must say that's all there is. Well, again, I think I'm misunderstanding. If you want review in the district court, what you do is you pay the tax and sue for a refund. If you want review in the tax court, you have to do what's necessary to get the tax court's authority. Well, and, again, I understand. I guess I just do respectfully disagree. I think we did that, and I think the reason it says that. Look, as I said, it's an important part of litigation that you have to grapple with the ground on which your client lost. But if that's not what actually took place and that's misunderstood, I don't know how I can do that other than to point out that wasn't what happened at the CDP hearing. That wasn't the issue we were fighting back. But, see, you're not appealing from a CDP hearing, or you're not appealing from a conversation with an IRS officer. You're appealing from a tax court decision, right? I mean, that's the only way we get appellate jurisdiction. But it's a tax court decision where I address that they decided on an issue that wasn't really in the record. Yes, because there are statutory prerequisites to the tax court deciding particular issues. If you went to the tax court and asked it to enforce the United Nations Convention about landmines, the tax court would say that is not within our jurisdiction, and here's the reason. And you couldn't come to the Court of Appeals and say we're entitled to relief under the United Nations Convention on landmines. Please ignore what the tax court said. That's the problem here. It's the same problem. I think we have your position. You can use your remaining 80 seconds. I mean, my position on that, and maybe it's not, it looks like it's ignored than is intended, is that, yeah, the tax court said that, but that wasn't what the record showed, and that wasn't what we were asking for a decision on. Of course it wasn't what you were asking for, but the tax court held that you weren't entitled to a decision on the issue you were asked of. And that's not, our point was not a specific OIC. It was how they were inviting us to have them calculated. So that was my argument as a constitutional one, not directly coming back and arguing something that wasn't in the record. That's how I countered that. I realize that's confusing now, but that's all I have. Thank you, Mr. Smith. Ms. Avetta, I think your submission can be short. Thank you, Your Honors, and may it please the Court. Julia Avetta for the Commissioner of Internal Revenue. There is no error here. There was no error, much less an abuse of discretion, when the appeals officer used IRS income projections to determine that the taxpayer could pay his debt. There was no error when the tax court held that the issue wasn't even properly before the appeals officer, because it was precluded under the Internal Revenue Code, as this Court has observed. And there was no error in the tax court's application of the statutory preclusion rule, which I think this Court understands to an extent that there is very little for me to add. So if there are no questions, we will rest on our brief and request affirmance. Thank you. There are none. Anything further, Mr. Smith? Not much to respond to. Thank you very much. The case is taken under advisement.